ORDER

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| PROGRESSIVE CASUALTY § | |
| INSURANCE COMPANY, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. B-10-46 |
| § | |
| BRANDON MAHAN, Executor § | |
| of the Estate of SHIRLEY BOERM, § | |
| *Defendant*. § | |

## ORDER GRANTING IN PART AND DENYING IN PART PROGRESSIVE'S MOTION TO COMPEL; ORDER REQUIRING FURTHER IN CAMERA REVIEW

Presently before the Court is Plaintiff and Counter-Defendant Progressive Casualty Insurance Company's (hereinafter "Progressive") Motion to Compel (hereinafter "the Motion") seeking an order from the Court compelling Defendant and Counter-Plaintiff Brandon Mahan's (hereinafter "Mahan") cooperation with items of discovery that Mahan has refused to tender via objection and privilege-invocation. (Docket No. 9). This action has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A).

## DISCUSSION

The Court first begins by noting that State law will supply the "rule of decision, the privilege of a witness, person, government, State, or political subdivision," because the claim under which this discovery is propounded is a Texas law claim. See Fed. R. Evid. 501 (2010)(here violations of the Texas Insurance Code and the Texas Deceptive Trade/Practices Act provide the basis for Mahan's counter-claim). Mahan has represented no opposition to such an application of state law. See Loc. R. 7.4 (2010).

The Court recognizes that otherwise private medical and mental health records should not become a matter of public record or public knowledge solely because a person either seeks regress

or defends in court. *See R.K. v. Ramirez*, 887 S.W.2d 836, 840 (Tex. 1994). Moreover "the privacy of the physician-patient relationship should not be subject to casual breach by every litigant in single-minded pursuit of the last scrap of evidence which may marginally contribute to victory in litigation." *Ibid*. Nevertheless, "the physician-patient and mental health information privileges are not absolute." *Ibid*. The Court must attempt to strike the difficult balance between two significant interests.

Progressive seeks an order from the Court compelling Mahan to cooperate with Progressive's discovery requests as to six particular items of propounded discovery. (Docket No. 9 at 2-4). Mahan objects to four of these requests based on the physician-patient and mental health privileges under

Texas law. See Tex. R. Evid. 509, 510 (2010). All objected-to requests and interrogatories are additionally objected to on relevancy grounds.

**I.  Interrogatories**

  *A.  Interrogatory Nineteen (19)*

Mahan objects to Progressive's Interrogatory Nineteen (19).[1] Progressive has urged the Court

---

[1]

> 19.  Please identify, by name and address, all physicians, psychiatrist, psychologists, or any other practicing member of the healing arts or hospitals, pharmacies, or other institutions who rendered medical treatment or health care, or have furnished medicines, drugs or supplies to your mother (Shirley Boerm) for any psychological problems, including by not limited to, suicidal tendencies, emotional distress, mental anguish, and/or depression for ten (10) years prior to her death.
>
> ANSWER:
>
> OBJECTION: This request seeks information protected by

2

to make an exception to the aforementioned privileges. Specifically, Progressive argues that an exception applies when: "(1) the records are relevant to the condition at issue in the litigation, *and* (2) the condition contained in the records is relied upon as 'part' of a party's claim or defense that is allegedly privileged." (Docket No. 9 at 8) (citing *Ramirez*, 887 S.W.2d at 843 n.7).

In the fourteenth paragraph of Mahan's Answer and Reply, Mahan claims that: "As a result of Progressive Casualty Insurance Company and Humberto Solis' bad faith handling of Ms. Boerm's claims, Ms. Boerm became depressed at the prospect of covering the cost of the lost boat on a fixed income. The depression [Boerm] suffered eventually led her to commit suicide on June 19, 2009." (Docket No. 4 at 3). Again, Progressive seeks the discovery of "psychological problems, including by not limited to, suicidal tendencies, emotional distress, mental anguish, and/or depression for ten (10) years prior to her death." (Docket No. 9 at 2-3).

Mahan claims in his pleadings that Boerm committed suicide as a result of metal anguish, emotional distress, or depression. (Docket No. 4 at 3). Therefore, any evidence that tends to establish one way or another that Boerm had suicidal tendencies, emotional distress, or mental anguish is relevant to the case at hand. Nevertheless, relevance alone is insufficient to overcome the respective privileges Mahan asserts. *See Ramirez*, 887 S.W.2d at 842. ("But relevance alone cannot be the test, because such a test would ignore the fundamental purpose of evidentiary

---

> the physician-patient and mental health privilege and violates the Plaintiff's privacy rights. The request is overly broad, not limited in scope or time, and seeks information that is neither relevant nor reasonably calculated to the discovery of relevant information.

(Docket No. 9 at 2-3).

privileges, which is to preclude discovery and admission of relevant evidence under prescribed circumstances.").

As a general rule, "a mental condition will be 'part' of a claim or defense if the pleadings indicate that the jury must make a factual determination concerning the condition itself." *Ibid* at 843. Moreover, "in order to fall within the litigation exception to the privilege, the condition itself must be of legal consequence to a party's claim or defense." *Ibid*. Mahan has made Boerm's mental condition a part of this action by alleging that she suffered from depression and mental anguish, and further, alleging that said mental state "led [Boerm] to commit suicide on June 19, 2009." (Docket No. 4 at 3). Therefore, if this claim proceeds to trial, a jury will be tasked with making findings of fact as to Boerm's mental state, and further assessing, whether that particular mental state led to Boerm taking her own life.

In light of the above, the Court will GRANT the Motion as it relates to this particular discovery dispute. Nevertheless, the Court has a duty to ensure "that the records disclosed are closely related in time and scope to the claims made." *See Ramirez*, 887 S.W.2d at 843 (citing *Mutter v. Wood*, 744 S.W.2d 600, 601 (Tex. 1988)). In light of the competing concerns attendant to this claim the Court will limit Progressive's breadth of available discovery from June 19, 2007 to June 19, 2009. The Court finds that a ten (10) year window of intrusion is not "closely related in time and scope" to the claims made. *Ibid*.

    *B.*    *Interrogatory Twenty-One (21)*

Mahan also objects to Progressive's Interrogatory Twenty-One (21).[2] Mahan has alleged via

---

[2]
>21. Please identify any lose such that your mother (Shirley Boerm) experience within the five (5) years preceding her death. Loss is defined as the death of a friend or family

counterclaim that Boerm's depression "eventually led her to commit suicide on June 19, 2009." (Docket No. 4).  Mahan has put into issue the causal link between Boerm's depression, assuming without deciding for current purposes that it existed in the first place, and her eventual suicide. Therefore, discovery that would produce evidence that would negate or establish the cause of Boerm's suicide is relevant to the present action. *See Ramirez*, 887 S.W.2d at 842.  Moreover, Mahan has put the cause of Boerm's depression and suicide at issue in this action.  *Ibid* at 843. Nevertheless, the Court again finds that Progressive attempts to reach too far.  Ibid.

In light of the above, the Court will GRANT the Motion as it relates to this particular dispute but does so with one express limitation: the Court will not allow Progressive to seek ten (10) years of discovery as to this request but will order it from June 19, 2007 to June 19, 2009, as to this claim.

   *C.     Interrogatory Thirteen (13)*

Mahan also objects to Progressive's Interrogatory Thirteen (13).[3]  Generally, the parties may

---

> member; parental divorce or separation; her divorce or separation; a breakup with a boyfriend; financial losses; and/or loss of a job/business.
>
> ANSWER:
>
> OBJECTION: This request seeks information that is neither relevant to the subject matter of this suit, nor is it reasonably calculated to the discovery of reasonable evidence. Furthermore, this request seeks information, the production of which would violate Ms. Boerm's privacy rights.

(Docket No. 9 at 3).

[3]
> 13.  Please list the names, addresses, and telephone numbers of any person who has operated [either with or without your mother's (Shirley Boerm) permission] the 2007 Ultra Cat Boat (insured under PROGRESSIVE policy #3320197501) for the previous (3)

obtain "discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . ." See Fed. R. Civ. P. 26(b)(1) (2010). Moreover, unlike the medical records discussed above, Mahan asserts no privilege but simply states that the information sought is irrelevant to the present suit. (Docket No. 9). However, Progressive raises a strong justification for this request because it is highly relevant to whether the conditions precedent to insurance coverage were followed by Boerm.

Nevertheless, here again, Progressive reach goes further than necessary. The pleadings allege that the insurance policy at issue in this action was purchased on August 3, 2007. (See Docket No. 4 at 2). Mahan also alleges that the boat sank on April 17, 2009. *Ibid*. Therefore, Progressive's request of information over anyone who operated the boat for a period of three years is in part irrelevant and is definitely unduly burdensome.

In light of the above, the Court will GRANT the Motion as it relates to this particular dispute but does so with one express limitation: the Court will not allow Progressive to seek a three year period worth of boat-operator information, but will limit discovery as to this issue from August 3, 2007, to April 17, 2009.

   D.   *Interrogatory Twenty (20)*

---

    years.

    ANSWER:

    OBJECTION: This request seeks information that is neither
    relevant to the subject matter of this suit, nor is it reasonably
    calculated to the discovery of reasonable evidence.

    (Docket No. 9).

Mahan also objects to Progressive's Interrogatory Twenty (20).[4] The Court entirely agree with Mahan's objections as to this claim. The relevancy of this information is akin to the "pursuit of the last scrap of evidence which may marginally contribute to victory in litigation." *Ramirez*, 887 S.W.2d at 840. Mahan has not put at issue whether "any of her relatives" have committed suicide, nor is the relevance of their alleged suicide(s) entirely clear. In light of the above, the Court will DENY the Motion as it relates to this particular dispute based on the scant apparent relevancy provided.

## II. Requests for Production

### A. *Request for Production Twenty (20)*

Mahan also objects to Progressive's Request for Production Twenty (20).[5] Mahan seeks to

---

[4]
> Please identify (by providing the nature of the relationship, father, sister, etc.) any of your mother's (Shirley Boerm) relatives who have or have attempted suicide.
>
> ANSWER:
>
> OBJECTION: This request seeks information that is neither relevant to the subejct matter of this suit, nor is it reasonably calculated to the discovery of reasonable evidence. Furthermore, it requests seeks information, the production of which would violate Ms. Boerm's privacy rights.
>
> (Docket No. 9).

[5]
> Please provide all documents reflecting the attorneys' fees paid by you, your mother (Shirley Boerm) and/or your mother's (Shirley Boerm) estate in connection with the claims of you, your mother (Shirely Boerm) and/or your mother's (Shirley Boerm) estate, including but not limited to all attorneys fees paid or incurred in connection with the prosecution of the lawsuit.
>
> RESPONSE:

obtain attorney fees from Progressive. (See Docket No. 4 at 4). Therefore the information sought herein is relevant to this action. Moreover, as a general rule, client identity and fee arrangements are not protected as privileged. *In re Grand Jury Proceedings*, 926 F.2d 1423, 1431 (5th Cir. 1991). In light of the above, Mahan must provide Progressive the fee arrangement between he and his attorney(s) so as to adequately apprise Progressive of the possible cost of further litigation. The Court therefore GRANTS the Motion as to this particular request for production.

   *B.     Request for Production Nineteen (19)*

Mahan also objects to Progressive's Request for Production Nineteen (19).[6] However, the

---

>   OBJECTION: This request seeks information that is neither
>   relevant to this claim nor reasonably calculated to the discovery of
>   relevant evidence.
>
>   (Docket No. 9 at 4).

[6]

>   Please provide all of the medical records of all physicians,
>   psychiatrists, psychologists or any other practicing member of the
>   healing arts or hospitals, pharmacies or other institutions who have
>   rendered medical treatment or health care, or have furnished
>   medicines, drugs or supplies to your mother (Shirley Boerm) for
>   any psychological problems including by [sic] not limited to
>   suicidal tendencies, emotional distress, mental anguish and/or
>   depression for ten (10) years prior to her death.
>
>   RESPONSE:
>
>   OBJECTION: This request violates the physician-patient
>   privileges and mental health privileges and is overly broad. With
>   respect to the medical records, Plaintiff suggests the following
>   procedure: Defendant will identify which records that Defendant
>   believes to be relevant. Plaintiff will either object on the ground
>   that they are wholly irrelevant or Plaintiff will obtain the records,
>   produce the records Plaintiff believes to be relevant and non-
>   privileges, and produce a privilege log for any records withheld
>   from production. If Defendant disagrees with an assertion of

Court does note that while Mahan has asserted a privilege, Mahan has demonstrated a willingness to cooperate with Progressive under a proposed plan. *See ibid*. Nevertheless, Progressive objects that "the problem with MAHAN's proposal is that he objected to providing the names of any providers who might have treated his mother for any psychological problems, including by [sic] but not limited to, suicidal tendencies, emotional distress, mental anguish, and/or depression." (Docket No. 9 at 9). Morever, Progressive continues on stating that "how is PROGRESSIVE supposed to identify records that it thinks is relevant? Obviously, it cannot." *Ibid*.

In light of the matters discussed in relation to Interrogatory Nineteen (19), the Court will GRANT the Motion as it relates to this particular dispute but does so with one express limitation: the Court will not allow Progressive to seek ten (10) years of discovery as to this request but will order it from June 19, 2007 to June 19, 2009.

Additionally, the Court will review Mahan's claims of privilege with the benefit of inspecting the relevant records *in camera* in furtherance of the law of the State of Texas. *See Ramirez*, 887 S.W.2d at 843. In order to provide both parties with the benefit of that *in camera* review however, Mahan is hereby ordered to deliver to the undersigned's chambers by no later than February 22, 2011, the following documents and information:

> Please provide, to the Court's chambers, all of the medical records of all physicians, psychiatrists, psychologists or any other practicing member of the healing arts or hospitals, pharmacies or other institutions who have rendered medical treatment or health care, or have furnished medicines, drugs or supplies to Shirley Boerm for any psychological problems including but not limited to suicidal

---

> privilege or irrelevance, Plaintiff will tender the disputed records to the Court for an in camera inspection.

(Docket No. 9 at 4).

        tendencies, emotional distress, mental anguish or depression from the
period encompassing June 19, 2007 to June 19, 2009.

The Court, after receiving the above-ordered documents and information will, as expeditiously as possible, conduct an *in camera* review to decide which documents and information are relevant, and additionally, otherwise overcome Mahan's privilege interests in this action. Again, Mahan must provide the information and documents ordered above, as they relate to Request for Production Twenty, no later than February 22, 2011.

DONE at Brownsville, Texas, this 20th day of January 2011.

                                                          Felix Recio
                                                          United States Magistrate Judge